USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-30-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZACHARY BALLARD,

                      Movant,

    - against -

USA,

                      Respondent.

OPINION AND ORDER

11 Civ. 7162 (JSR) (RLE)

**RONALD L. ELLIS, UNITED STATES MAGISTRATE JUDGE:**

## I. INTRODUCTION

*Pro se* prisoner Zachary Ballard, currently incarcerated at the United States penitentiary in Florence, Colorado, moved for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on October 3, 2011. In his motion, Ballard advances several claims: 1) suggestive identification; 2) insufficiency of evidence with regard to his 924(c) counts; 3) improper jury instructions at trial; 4) improper admission of evidence; 5) denial of his due process rights; 6) prejudicial remarks made by the prosecution; 7) ineffective assistance of counsel; 8) excessive sentence in violation of the Constitution; and 9) prosecutorial manipulation of his sentence. Mot. at 3. Pending before the court is Ballard's motion for appointment of counsel. For the reasons set forth below, the request for appointment of counsel is **DENIED** without prejudice.

## II. DISCUSSION

Appointment of counsel under 28 U.S.C. § 2255(g) is governed by 18 U.S.C. § 3006A(a)(2)(B). There is no constitutional right to representation by counsel in habeas corpus proceedings. *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993) (citing *United States ex rel. Wissenfield v. Wilkins*, 281 F.2d 707, 715 (2d Cir. 1960)); *see also Coita v. Leonardo*, 1998 WL 187416 (N.D.N.Y. Apr. 14, 1998). However, a court may in its discretion appoint counsel where "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Where movant's claims may

fairly be heard on written submissions, the appointment of counsel is not warranted and such applications should ordinarily be denied. *Coita*, 1998 WL 187416, at *1 (citing *Adams v. Greiner*, 1997 WL 266984 (S.D.N.Y. May 20, 1997)).

The Second Circuit has provided guidance to district courts in determining whether to appoint counsel for an indigent civil litigant in habeas corpus proceedings. *See Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986). In *Hodge*, the court noted that, in deciding whether to appoint counsel, the district court should first determine whether the indigent's position seems likely to be of substance. *Id.* at 61. If the claim meets this threshold requirement, the district court should then consider: (1) the indigent's ability to investigate the crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder; (3) the indigent's ability to present the case; (4) the complexity of the legal issues; and (5) whether any special reason exists why appointment of counsel would be more likely to lead to a just determination. *Id.* at 61-2. As the Second Circuit has indicated, this is not to say that all or any of the factors must be controlling in a particular case. *Id.* at 61. "Each case must be decided on its own facts." *Covington v. Kid*, 1998 WL 473950, at *1 (S.D.N.Y. Aug. 5, 1998).

Ballard satisfies the threshold requirement of indigent status. However, while at least one of his claims appears to be substantial,[1] Ballard does not merit appointment of counsel. His claims do not appear so overwhelmingly complex that he cannot be afforded a just determination without legal representation. Contrary to Ballard's allegations that he is completely unfamiliar with the law and is thus unable to represent himself, thus far he has demonstrated the ability and knowledge to present his case adequately. Though his appellate counsel has stated in a memorandum to the Court that Ballard cannot present the issues himself because he is

---

[1] Although the Second Circuit denied most of Ballard's claims on direct appeal, his claim based on ineffective assistance of counsel was allowed to proceed.

2

uneducated, inarticulate, and does not fully understand legal standards and the significance of facts relevant to the issues (*See* Ex. 1, at 1). Ballard has reasonably presented his arguments in a cohesive manner in his motion. Further, his communications to the Court demonstrate his ability to pursue his motion and, absent a change in circumstances, to adequately represent himself in the instant action. Ballard's claims have been fairly presented and can be heard in his present habeas submission and the written submissions presented on his previous appeals, which offer enough information for the Court to justly consider his request. *Newton v. Coombe*, 1998 WL 418923, at *2 (S.D.N.Y. July 23, 1998). Ballard has not demonstrated any marked difficulties in presenting his case and fails to state why appointment of counsel would increase the likelihood of a just determination in this case, other than his general comment that he is "completely unfamiliar with law." *Mackey v. DiCaprio*, 312 F. Supp. 2d 580, 582 (S.D.N.Y. 2004).

The interests of justice do not require the appointment of counsel in this case and therefore, Ballard's application is **DENIED** without prejudice.

**SO ORDERED this 30th day of August 2012**
**New York, New York**

Respectfully Submitted,

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

Copies of this Opinion and Order were sent to:

*Pro Se* Petitioner
Zachary Ballard
USP-McCreary
P.O. Box 3000
Pine Knot, KY 425635
PRO SE

3

<u>Attorney for Respondent</u>
Benjamin A. Naftalis,
Assistant United States Attorney,
Southern District of New York
One Saint Andrew's Plaza
New York, New York 10007
(212) 637-2456